FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ SEP 06 2012 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SUSAN KUPFERSTEIN,
individually and on behalf of a class

                     Plaintiff,

    -against-

KORSINSKY AND KLEIN LIMITED
LIABILITY PARTNERSHIP

                     Defendant.
-----------------------------------------------------------x

CLASS ACTION COMPLAINT

**CV 12 4435**

**KORMAN, J.**
**GOLD, M.**

**SUMMONS ISSUED**

Plaintiff, by and through her undersigned attorney, alleges upon knowledge to herself and her own acts, and as to all other matters upon information and belief, brings this complaint against the above-named defendant and in support thereof alleges the following.

### PRELIMINARY STATEMENT

1. Plaintiff brings this action on his own behalf and on behalf of all others similarly situated for damages and declaratory and injunctive relief arising from Defendant's violation of § 1692 of Title 15 of the United States Code, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive deceptive and unfair practices.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violation of 15 U.S.C. § 1692.

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(2).

## PARTIES

4.  Plaintiff Susan Kupferstein is a resident of the State of New York, Kings County. On or about July 20, 2012, plaintiff received a debt collection notice from the defendant at plaintiff's home address. **Exhibit A**.

5.  Defendant Korsinsky and Klein Limited Liability Partnership is a New Jersey limited liability partnership engaged in the business of collecting debt with a place of business located at 30 Broad Street, New York, New York 10004. The Korsinsky & Klein, LLP website publishes its telephone number as (212) 495-8133. **Exhibit B**.

## CLASS ACTION ALLEGATIONS

6.  Plaintiff brings this action as a nationwide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the defendant which are in violation of the FDCPA, as of the date of plaintiff's complaint. Excluded from the Class is the defendant herein and any person, firm, trust, corporation or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Korsinsky & Klein Limited Liability Partnership.

7.  This action is properly maintained as a class action. This Class satisfies all the requirements of Rule 23 for maintaining a class action.

8.  The Class is so numerous that joinder of all members is impracticable. Upon information and belief, dozendss of persons have received debt collection notices from the defendant which violate various specific provisions of the FDCPA.

9.      There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

      a.      Whether the defendant violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 1692e(3) and 1692e(10).

      b.      Whether plaintiff and the Class have been injured by the defendant's conduct;

      c.      Whether plaintiff and the class have sustained damages and are entitled to restitution as a result of the defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

      d.      Whether plaintiff and the Class are entitled to declaratory and/or injunctive relief.

10.     Plaintiff's claims are typical of the claims of the Class, and the plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

11.     Plaintiff will fairly and adequately protect the interests of the Class and has retained experienced counsel, competent in the prosecution of class action litigation.

12.     A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

13.     A class action will permit large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the duplication of effort and expense that numerous individual actions would engender.

Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a class action Class members will continue to suffer losses of statutorily protected rights as well as monetary damages. If defendant's conduct will proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains.

14. Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

15. On or about July 11, 2012, defendant sent a collection letter dated July 9, 2012 to plaintiff Kupferstein demanding payment of a debt allegedly owed to Maimonides Medical Center. A copy of said letter is annexed hereto as **Exhibit A.**

16. The July 9, 2012 letter broadcasts a telephone number of Korsinsky & Klein as (212) 363-7800 and is fulfilled by Mr. Sol Levi.

17. Upon information and belief, the law firm of Korsinsky & Klein broadcasts its telephone number as (212) 495-8133. **Exhibit B**.

18. Upon information and belief, the collection letter bears the facsimile signature of Michael Korsinsky.

19. Upon information and belief, the collection letter signed by facsimile was enclosed in an envelope bearing Presorted First Class Mailing postage of 37.4 cents and mailed from Dearborn, Michigan. **Exhibit C**.

20. Defendant in many instances violated the requirements of the FDCPA, in the following

and other respects:

(a) by not being sufficiently involved in preparing and sending letters in violation of 15 U.S.C. § 1692e(3).

(b) by failing to exercise independent, trained legal judgment concerning the validity of a claim in violation of 15 U.S.C. § 1692e(3).

(c) by playing a mere ministerial role in the sending of the letters in violation of 15 U.S.C. § 1692e(3).

(d) by sending high volume mass produced form letters in relation to the numbers of attorneys employed by Korsinsky & Klein LLP in violation of 15 U.S.C. § 1692e(3).

(e) by directing consumers to a telephone number which is distinct from the telephone number of the law firm.

## CLASS ALLEGATIONS

21. This action is brought on behalf of a class. The class consists of (a) all individuals (b) to whom defendant sent a letter in the form represented by **Exhibit A** (c) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action (d) which bore the facsimile signature of Michael Korsinsky (e) was mailed from Michigan and (f) directed the consumer to Telephone number (212) 363-7800.

22. The class period begins one year prior to the filing of this action.

23. The class is so numerous that joinder of all members is impractical. Upon information and belief, there are several hundred class members. Plaintiff is complaining of standard form letters.

24. There are questions of law common to the class, which questions predominate over any

questions affecting only individual class members. The principle questions presented are whether defendant violated 15 U.S.C. § 1692e, 1692e(3) and 1692e(10).

25. Plaintiff will fairly and adequately protect the interests of the class. She has retained counsel experienced in handling class claims and claims involving unlawful collection practices. Neither plaintiff nor her counsel have any interests which might cause her not to vigorously pursue this claim.

26. Plaintiff's claims are typical of the class, which all arise from the same operative facts and are based on the same legal theories.

27. A class action is a superior method for the fair and efficient adjudication of the controversy.

**WHEREFORE**, plaintiff respectfully requests that the Court enter judgment as follows:

(a) Declaring that this action is properly maintainable as a class action and certifying plaintiff as Class representative.

(b) Issue a preliminary and permanent injunction restraining defendant, its employees, agents and successors from, *inter alia,* engaging in conduct and practices that are in violation of the FDCPA;

(c) Issue a declaratory Order requiring defendant to make corrective disclosures;

(d) Awarding plaintiff and the class statutory damages;

(e) Awarding plaintiff costs of this action, including reasonable attorneys' fees and expenses; and

(f) Awarding plaintiff and the class such other and further relief as the Court may deem just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the FRCP, plaintiff hereby demands a trial by jury.

Dated: July 23, 2012
      Uniondale, New York

                              Abraham Kleinman
                              Kleinman LLC
                              626 RXR Plaza
                              Uniondale, New York 11556-0626
                              Telephone   (516) 522-2621
                              Facsimile    (888) 522-1692

**EXHIBIT A**

# KORSINSKY & KLEIN, LLP

ATTORNEYS AT LAW
30 BROAD STREET, 24TH FLOOR
NEW YORK, NEW YORK 10004

July 9, 2012

TEL.: (212) 363-7800

SUSAN KUPFERSTEIN
5706 18th Ave
Brooklyn NY 11204-1902

Re:

**Creditor:** Maimonides Medical Center
**Patient Account No.** 144679
**Balance Due:** $36.49

**Debtor(s):** Susan Kupferstein
**Patient:** Susan Kupferstein
**File No.** 15170575

Dear Susan Kupferstein:

Our office represents Maimonides Medical Center where Susan Kupferstein received services. This account has been referred to our law firm for collection.

Our client has advised us that the outstanding debt due and owing to it is $36.49. This balance may represent your insurance deductible, or a claim that your insurance carrier denied. Prior efforts to obtain voluntary payment from you have not been successful.

In this regard, unless you notify this office within thirty (30) days from receiving this notice that you dispute the validity of the debt or any portion thereof, our office will assume that the debt is valid. Our office can mail you verification of the debt if you notify our office in writing within thirty (30) days from receiving this notice. If you request this verification, our office will provide you with the name and address of the original creditor, if different from the current creditor. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Kindly forward any and all remittances to our firm. You can mail a check payable to the law firm of **Korsinsky & Klein LLP, 30 Broad Street, 24th Floor New York, NY 10004-2304.** If you would like to make payment by credit or debit card please visit **www.kkpayments.com**, or fill out and return the form below, or contact us at (212) 363-7800. If you cannot pay the full amount in one payment, we may arrange for a mutually satisfactory payment arrangement. We trust that you will avail yourself of this opportunity to dispose of this claim amicably.

If you have any further questions please feel free to contact us at (212) 363-7800 or by email at sol@kklawfirm.com.

Very truly yours,
KORSINSKY & KLEIN LLP

By: _____
Michael Korsinsky, Esq.

4533-CLKLEN10-ALTR10-1/00/10

*** Please detach the lower portion and return with your payment ***

Y1205427F7

LAW OFFICES OF KORSINSKY & KLEIN, L.L.P.
30 Broad Street, 24th Floor
New York NY 10004-2304
FORWARDING SERVICE REQUESTED

IF YOU WISH TO PAY BY CREDIT CARD, CIRCLE ONE AND FILL IN THE INFORMATION BELOW:
MasterCard   VISA   DISCOVER

| CARD NUMBER | | EXP. DATE |
| CARD HOLDER NAME | | CVV |
| SIGNATURE | AMOUNT PAID | |

File No.       15170575
Balance Due:   $36.49

ALTR10 - 4533
SUSAN KUPFERSTEIN
5706 18th Ave
Brooklyn NY 11204-1902



Korsinsky & Klein LLP
30 Broad Street, 24th Floor
New York NY 10004-2304

**EXHIBIT B**

# Korsinsky & Klein, LLP



Home   Our Firm   About You   Resources

We provide the following legal services in the states of New York and New Jersey:

- Elder Law
- Estate Planning
- Medicaid and Medicare
- Long Term Planning
- Guardianships
- Wills and Trusts
- Taxation
- Probate and Estate Administration
- Commercial Litigation and Collections

**NEW YORK CITY OFFICE**
30 Broad Street
24th Floor
New York, NY 10004
Phone (212) 495-8133
Fax (718) 312-3588

**Contact Us**

**Receive Our E-Newsletter**

Sign Up

- Supreme Court Asked to Rule on Gay Widow%27s Estate Tax Refund Case

  Read More...

- Elderly Losing Homes for Owing a Few Hundred Dollars in Back Taxes

  Read More...

- May Someone With Dementia Sign a Will?

  Read More...

## Other Firm Locations

**NEW JERSEY OFFICE**
137 Elmwood Avenue
Passaic Park, NJ 07055
info@kklawfirm.com
212.495.8133

**BROOKLYN OFFICE**
2926 Avenue L
Brooklyn, NY 11210
info@kklawfirm.com
212.495.8133



Elder Law Answers
Member Since 2009

**EXHIBIT C**

